F I L E D
**United States Court of Appeals**
**Tenth Circuit**

**MAR 22 2001**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

SAUL GONZALEZ-PORTILLO,

Defendant-Appellant.

No. 00-2188
(D.C. No. CR-99-1106-JP)
(D. N.M.)

**ORDER AND JUDGMENT** *

Before **PORFILIO** , **ANDERSON** , and **BALDOCK** , Circuit Judges.

After examining the briefs and appellate record, this panel has determined

unanimously to render a decision on the briefs without oral argument. *See* Fed. R.

App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore ordered submitted

without oral argument.

Mr. Gonzalez-Portillo pled guilty to the charge of reentry of a deported

alien. The district court denied appellant's motion for downward departure from

---

* This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

the Sentencing Guidelines, and Mr. Gonzalez-Portillo appealed. Counsel for Mr. Gonzalez-Portillo filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967). Neither Mr. Gonzalez-Portillo himself nor the government filed a responsive brief.

In the motion for downward departure submitted to the district court, Mr. Gonzalez-Portillo argued: (1) his criminal history was over-represented by the Sentencing Guideline points assigned in his presentence report; (2) he is culturally assimilated in the United States; (3) he has family responsibilities; and (4) the cumulative weight of these factors.

The district court rejected these arguments. The district court's remarks at the sentencing hearing reflect the court's understanding that it had the authority to depart downward and chose not to do so on the facts of the case. *See* R. Vol. III, Tr. at 3-4. As to whether the presentence report over-represented Mr. Gonzalez-Portillo's criminal history, the district court stated: "[I]f anything, category 5 may understate the defendant's criminal history. But I think that Probation correctly analyzed the number of criminal history points and concluded correctly that the criminal history category in this instance should be 5." *Id.* at 3. As to whether Mr. Gonzalez-Portillo's cultural assimilation and family responsibilities should prompt a downward departure, the court stated,

> I'm not sure that downward departure can be based on cultural assimilation within the Tenth Circuit and I don't think that the family

-2-

ties and responsibilities of Mr. Gonzalez are so extraordinary that they fall outside the heartland of cases.

But even if I had discretion to depart downward on these theories, or a combination of them, I would choose not to do so in this instance in my discretion.

*Id.* at 3-4. Although the district court expressed doubt as to whether this circuit has issued an opinion concerning whether cultural assimilation serves as a basis for downward departure, the court was unambiguous in its conclusion that downward departure was not warranted in Mr. Gonzalez-Portillo's case under any or all of the factors cited in Mr. Gonzalez-Portillo's motion for downward departure.

In light of the district court's reasoned, discretionary refusal to depart downward from the Sentencing Guidelines, this court lacks appellate jurisdiction to hear an appeal from the sentence imposed. *See United States v. Fortier*, 180 F.3d 1217, 1231 (10th Cir. 1999); *United States v. Castillo*, 140 F.3d 874, 887-88 (10th Cir. 1998).

The motion to withdraw submitted by appellant's counsel, attorney Dennis J. Candelaria, is granted. This appeal is hereby dismissed.

Entered for the Court

John C. Porfilio
Circuit Judge

-3-